**UNITED STATES of America, Plaintiff,**

v.

**The CITY OF PITTSBURGH, Defendant,**

v.

**COMMONWEALTH OF PENNSYLVANIA COUNTY OF ALLEGHENY and U. S. Government, Department of Army Reserve Center, Third-Party Defendants.**

Civ. A. No. 81–2175.

United States District Court,
W. D. Pennsylvania.

May 13, 1982.

J. Alan Johnson, U. S. Atty., Pittsburgh, Pa., for plaintiff.

Zan I. Hodzic, Pittsburgh, Pa., for City of Pittsburgh.

Sheila M. Ford, Deputy Atty. Gen., Pa. Dept. of Justice, Pittsburgh, Pa., for Commonwealth.

W. J. Helzlsouer, Allegheny County Law Dept., Pittsburgh, Pa., for Allegheny County.

Judith Giltenboth, Asst. U. S. Atty., Pittsburgh, Pa., for Army Reserve Center.

---

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

The present action was initiated by the United States on behalf of its agency, the Veteran's Administration, against the City of Pittsburgh for breach of an express contract entered into between the parties in May 1950. It is alleged by the United States that the contract obligated the City to maintain and repair an access road to the Veteran's Administration Medical Center which was being constructed on city-owned property. The United States further alleges that the contract provided that any action affecting the terms of the agreement subsequent to execution of said agreement would be invalid unless such action was approved by both parties. The United States charges that for a period in excess of two years it has been unsuccessful in repeated attempts to obtain the City's compliance with the terms of the contract. Relief sought is primarily specific performance of the contract with costs of this action to be assessed against defendant.

The City's defense is based on its assertion that it no longer owns the property at issue. It alleges that the property was sold to the Commonwealth of Pennsylvania (hereinafter the Commonwealth) in 1956 and that the maintenance and repair responsibilities now lie with the Commonwealth. The City filed a Third Party Complaint naming the Commonwealth, among others, as third party defendants.[1] The City's request for relief is stated in the alternative. It demands either judgment against the third party defendants collectively for all sums which may be adjudged due from the City; apportionment of costs between all defendants, original and additional; or that the third party defendants be required to perform the work plaintiff is demanding.

The Commonwealth has moved to dismiss the third party complaint for lack of jurisdiction claiming immunity from suit in federal court under the Eleventh Amendment to the United States Constitution. The City argues that since the action was initiated by the United States and the Eleventh Amendment would not bar the action if the United States had named the Commonwealth as an original defendant, the Commonwealth is properly joined even though impleaded by the City under Rule 14.

■ Defendants' argument fails to consider the basis of third party liability underlying Rule 14. The original text of Rule 14 allowed a defendant to implead a third party defendant on the basis of the third party's liability to plaintiff, in effect tendering a substitute defendant to the plaintiff. However, with the 1946 amendments, it is only on the basis of the third party defendant's liability to the defendant that a party may be impleaded. 3 J. Moore, Federal Practice ¶ 14.15 (2d ed. 1982).

■ In the case *sub judice* the third party defendant is a state which is immune from suit in federal court unless the action is initiated by the United States against the state. *United States v. Mississippi*, 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965). Jurisdiction for suits brought by the United States against a state is conferred by 28 U.S.C.A. § 1345. This jurisdictional basis has been interpreted to extend to instances where the United States as a defendant may implead a state on the basis of the state's liability over to the United States, which is not inconsistent with the Eleventh Amendment bar. *United States v. Illinois*, 454 F.2d 297 (7th Cir. 1971), cert. den. 406 U.S. 918, 92 S.Ct. 1767, 32 L.Ed.2d 117 (1972). However, to allow the City to implead the Commonwealth on the basis of the Commonwealth's potential liability to the City, as defendant urges in the instant case, would allow the City to circumvent the explicit immunity provision of the Eleventh Amendment. Through the procedural

---

1. Other named third party defendants are the County of Allegheny and the United States Government Department of the Army. Both of these agencies are alleged to maintain facilities which necessitate use of the road at issue. The City claims that as prime benefactors of the existence and use of the road these agencies should contribute to the costs of its maintenance.

**192**

device of impleader the City attempts to accomplish that which it cannot do directly in federal court, i.e. litigate liability between itself and the Commonwealth. Use of the Federal Rules to thus expand jurisdiction is expressly prohibited by the Rules themselves. Fed.R.Civ.P. 82.

For the foregoing reasons the Commonwealth's motion to dismiss the City's third party complaint is granted. An appropriate order will issue.